UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ILIJA RISTIK | No. 21 CR 323<br><br>District Judge Ronald A. Guzman |

**GOVERNMENT'S RESPONSE TO**
**DEFENDANT'S MOTION TO DISMISS**

Defendant Ilija Ristik has moved the Court to dismiss the indictment in this case, which charges defendant and Ken Miller with six counts of honest-services wire fraud in violation of 18 U.S.C. 1343 and 1346. As alleged in the indictment, the charges relate to defendant's bribing of Miller—a former Vice President at Victim Company 1—to steer trucking business to defendant. Defendant argues that the indictment's allegations are deficient in a number of ways. Defendant also challenges the constitutionality of the honest-services statute. For the following reasons, defendant's motion should be denied.

**I.     The Indictment Sufficiently Alleges Honest Services Wire Fraud**

Defendant contends the indictment fails to allege wire fraud sufficiently. Defendant points to several claimed deficiencies—namely, that the indictment does not allege (1) a scheme to defraud, (2) an intent to defraud, (3) materiality, or (4) defendant's breach a fiduciary duty. Because the indictment appropriately alleges each of these elements of honest-services wire fraud, the Court should reject defendant's argument on these grounds.

## A. Legal standard

An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). An indictment is adequate if it "(1) states all the elements of the crime charged; (2) adequately informs the defendant of the nature of the charges so that he may prepare a defense; and (3) allows the defendant to plead the judgment as a bar to any future prosecutions." *United States v. White*, 610 F.3d 956, 958-59 (7th Cir. 2010). On a motion to dismiss, acts alleged in the indictment must be taken as true, *United States v. Moore*, 563 F.3d 583, 586 (7th Cir. 2009), but an indictment need not allege facts sufficient to establish all elements of the offense, *United States v. Vorley*, 420 F. Supp. 3d 784, 789 (N.D. Ill. 2019), aff'd sub nom. *United States v. Chanu*, 40 F.4th 528 (7th Cir. 2022). "In general, an indictment that tracks the words of a statute to state the elements of the crime is acceptable, provided that the indictment states sufficient facts to place a defendant on notice of the specific conduct at issue. *White*, 610 F.3d at 958-59. The presence or absence of any particular fact is not dispositive. *Id*. The notice bar is not a high one, and even an implicit allegation suffices. *United States v. Weller*, 40 F.4th 563, 566 (7th Cir. 2022) (*citing United States v. Resendiz-Ponce*, 549 U.S. 102, 107 (2007)). In addition, "[t]he test for validity is not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards." *United States v. Hausmann*, 345 F.3d 952, 955 (7th Cir. 2003) (quotation omitted). And "[w]hen the charge is mail fraud, this court

uses a broad rather than a technical standard to determine the sufficiency of an indictment." *United States v. Palumbo Bros.*, 145 F.3d 850, 868 (7th Cir. 1998).[1]

The indictment in this case satisfies Rule 7(c)(1) and constitutional standards because it states all the elements of wire fraud, tracks the words of the statute, and provides enough factual content to give defendant notice of what he is accused of.

### B. The indictment sufficiently alleges a scheme to defraud

Defendant contends the indictment fails to allege a scheme to defraud. His principal argument appears to be that "[t]he Indictment is devoid of any facts pertaining to [defendant] to suggest that his conduct was reasonably calculated to deceive Company 1 or that Ilija was somehow responsible for Miller's conduct (whether in violation of Miller's duty of honest services, or not)." Motion at 10. This argument fails both as a matter of law and as to the allegations.

First, defendant's position fails as a matter of law because—to satisfy Rule 7(c)(1)—an indictment need not "exhaustively recount the facts surrounding the crime's commission" or provide the details of how it will be proved at trial. *United States v. Agostino*, 132 F.3d 1183, 1189-1191 (7th Cir. 1997). Yet that is the standard defendant incorrectly seeks to hold the indictment to. The Court should reject this effort.

Second, defendant's position also fails because the indictment does contain allegations of defendant's participation in a scheme to defraud. As it pertains to

---

[1] Courts interpret the mail and wire fraud statutes in the same manner. *See Carpenter v. United States*, 484 U.S. 19, 25 n.6 (1987).

honest-services wire fraud, the Seventh Circuit Pattern Criminal Jury Instructions define a scheme to defraud as "a scheme that is intended to deceive or cheat another and to deprive another of the intangible right to honest services through bribery or kickbacks." 7th Cir. Pattern Crim. Instr. (2022) at 615. The indictment's allegations satisfy this definition. In addition to tracking the statute's language concerning a scheme to defraud (*see* Count One ¶ 2), the indictment alleges that Miller was a Vice President at Victim Company 1 who owed a duty of honest services to Victim Company 1, including to not let bribes or kickbacks influence business decisions. Indictment Count One ¶ 1(d). It further alleges that defendant gave bribes and kickbacks totaling approximately $280,000 to Miller so that Miller directed at least approximately $13 million in Victim Company 1 business to companies owned and/or controlled by defendant. *Id.* ¶¶ 1(f)-(j) and 3. The indictment alleges that defendant and Miller concealed and attempted to conceal the bribes and kickbacks paid by defendant to Miller, describing them as repayment of a loan and as compensation for work on a tequila venture. *Id.* ¶ 6. The indictment further alleges that defendant also advised Miller to lie to Victim Company 1 and the FBI about the nature of the payments defendant made to Miller. *Id.* ¶ 7. Finally, this scheme is alleged to have occurred between approximately November 2018 and June 22, 2020. *Id.* ¶ 2.

      Taken together, these allegations present a simple scheme to defraud in which defendant cheated and deceived Victim Company 1 by bribing a Vice President to steer business defendant's way, and defendant—knowing the wrongfulness of the payments—advised the Vice President to lie to the company and the FBI.

### C. The indictment sufficiently alleges an intent to defraud

Defendant claims the indictment does not sufficiently allege an intent to defraud. He argues that the indictment "conclusively demonstrates that [defendant] did not have the necessary fraudulent intent to . . . deprive [Victim] Company 1 of any tangible or intangible property right." Motion at 14. Defendant's argument is contradicted by the actual allegations in the indictment.

As it pertains to honest services fraud, the Seventh Circuit Pattern Criminal Jury Instructions define intent to defraud, as "act[ing] knowingly with the intent to deceive or cheat the victim in order to deprive another of the intangible right to honest services through bribery or kickbacks." 7th Cir. Pattern Crim. Instr. (2022) at 622. In addition to tracking the statute's language concerning intent to defraud (*see* Count One ¶ 2), the same allegations described above concerning the scheme to defraud also demonstrate defendant's knowing intent to defraud—that is, defendant paid $280,000 to a Vice President at Victim Company 1 in order to get $13 million in business in return. Further, the indictment alleges that defendant concealed the payments by describing them as loan repayments and compensation for a tequila venture, and that defendant also had the Vice President lie about the nature of the payments to Victim Company 1 and the FBI. These allegations plainly illustrate defendant's knowing intent to deceive and cheat Victim Company 1 to deprive it of the Vice President's honest services.

5

### D. The indictment sufficiently alleges materiality

Defendant challenges the indictment on the basis that it "fails to allege that the scheme's deceit . . . was material in nature." Motion at 11. Once again, defendant's argument is undermined by the allegations within the four corners of the indictment.

As set forth in the Seventh Circuit Pattern Criminal Jury Instructions, "[a] false or fraudulent pretense, representation, promise, omission, or concealment is 'material' if it is capable of influencing the decision of the person to whom it was addressed." 7th Cir. Pattern Crim. Instr. (2022) at 620. An indictment charging wire fraud may suffice even though it does not specifically allege "materiality." *See United States v. Fernandez*, 282 F.3d 500, 508-09 (7th Cir. 2002) (indictment that did not specifically allege "materiality" but detailed the defendants' submission of false paperwork in connection with bids on municipal projects "encompassed the concept of materiality" as the conduct alleged in the indictment "clearly would have influenced [the victim's] decision to award the contracts" at issue); *United States v. Klein,* 476 F.3d 111, 113 (2d Cir. 2007) (rejecting defendant's claim that indictment was insufficient because it did not explicitly use the word "material" as materiality can be inferred from use of the word fraud in the indictment and facts to support the fraudulent scheme.); *United States v. Elliott*, 711 F. Supp. 425, 429-30 (N.D. Ill. 1989) (denying motion to dismiss wire fraud charges even though it did not explicitly allege "materiality' where the indictment as a whole alleged "materiality in substance"); *accord United States v. Watkins*, 709 F.2d 475, 478 (7th Cir. 1983) ("[I]n

determining whether an essential element is missing from the indictment, this court has held that no particular words or phrases must be used.").

Here, although the word "material" is not contained in the indictment, the concept is encompassed in the allegations and the definition set forth above is met. Specifically, the indictment alleges that Miller—as a Victim Company 1 Vice President—owed Victim Company 1 a duty of honest services, including the obligation to follow Victim Company 1's Code of Ethical and Professional Standards, which prohibited, among other things, bribes, kickbacks, and payments meant to influence business decisions. Indictment Count One ¶ 1(d). In light of these obligations, it is plain that defendant and Miller concealing the true nature of the bribe payments—including through Miller's lies to Victim Company 1 as defendant advised—were capable of influencing Victim Company 1's assigning of loads to businesses owned and/or controlled by defendant. A fair reading of the indictment makes clear: Had Victim Company 1 known defendant was bribing Miller in contravention of the Code of Ethical and Professional Standards, that knowledge certainly would have been capable of influencing Victim Company 1's business dealings with defendant.

### E. The indictment sufficiently alleges breach of a fiduciary duty

Defendant contends the indictment is deficient because it does not allege that defendant breached any fiduciary duty that he personally owed to Victim Company 1. Motion at 13. This argument is wrong as a matter of law. A defendant may commit honest services fraud even if he does not owe any fiduciary duty, as long as he

7

participates in a scheme to deprive a victim of the honest services of someone who does. *See, e.g.*, *United States v. Nayak*, 769 F.3d 978 (7th Cir. 2014). In *Nayak*, the defendant was convicted of honest services fraud for paying bribes to physicians in order to have them steer business to the defendant, in violation of the physicians' duty to their patients. *Id.* Although the specific question on appeal was whether a tangible harm was required under the statute (one was not), the *Nayak* decision makes clear that in the Seventh Circuit's view, a defendant can be liable based on a scheme that breaches the duty of another. *See id.* at 981 ("Nayak engaged (via the mails) in a bribe-and-kickback scheme to drum up business for his surgery centers. His conduct accordingly appears to fall squarely within the scope of § 1346 as the Court construed it in *Skilling* [*v. United States*, 561 U.S. 358 (2010)].").

Similarly, in *Hausmann*, the Seventh Circuit affirmed the conviction of Rise based on the violation of attorney Hausmann's fiduciary duty to his clients. 345 F.3d at 957 ("the knowing payer of an illegal kickback is criminally liable for conspiracy to commit mail or wire fraud to the same extent as the recipient of such a payment. Insofar as Rise knowingly signed checks payable to third-party recipients (in order to conceal the scheme) equal in total amount to twenty percent of the fees he collected in connection with referrals from Hausmann, Rise acted in furtherance of the conspiracy to defraud the clients. His guilt as a co-conspirator is clear.") (internal citations omitted). *See also Skilling*, 561 U.S. at 407 ("The 'vast majority' of the honest-services cases involved offenders who, in violation of a fiduciary duty, participated in bribery or kickback schemes.") (emphasis added).

8

Consistent with this theory of liability, the indictment properly alleges that Miller owed a duty of honesty to Victim Company 1 (Count One ¶ 1(d)), Miller and defendant "knowingly and with the intent to defraud, devised and participated in a scheme to defraud and to deprive Victim Company 1 of its right to the honest services of MILLER through bribery and kickback" (*id.* ¶ 2), defendant paid Miller bribes in exchange for business (*id.* ¶ 3), defendant and Miller concealed these bribes (*id.* ¶ 6), and defendant advised Miller to lie to Victim Company 1 and the FBI about the payments (*id.* ¶ 7).

## II. The Indictment Sufficiently Alleges Harm to Victim Company 1

Defendant appears to argue that economic harm is a necessary element of honest-services wire fraud. Motion at 15 ("It must be established that the victim experienced some *actual* harm. . . . '[p]roof that the employer simply suffered only the loss of the loyalty and fidelity of the [employee] is insufficient to convict.'") This is not the law in this circuit. In *Nayak*, discussed above, the Seventh Circuit made explicit that no tangible-harm requirement exists for commercial bribery honest-services cases (such as this). 769 F.3d at 983-84 ("Although the schemes in many of our private corruption precedents had a pecuniary impact on the person to whom a fiduciary duty was owed, we have never said that tangible harm is required in such a case. . . . the mail fraud statutes are clear: no showing of tangible harm to a victim is necessary.")

Defendant also argues that the indictment is deficient because it fails to allege that defendant contemplated any harm to Victim Company 1 or that it was foreseeable that Miller would deprive Victim Company 1 of his honest services. This

9

is not correct. Fairly read, the allegations in the indictment—namely, that defendant made bribe payments, concealed bribe payments, and advised Miller to lie about the payments—make clear that defendant knew he was causing Miller to engage in activity that Miller (a Vice President at Victim Company 1) should not be engaged in given his position.

### III. The Indictment Sufficiently Alleges Bribes and Kickbacks

Defendant argues that the indictment fails because it does not "allege facts that establish that the six wire transfer payments were in fact 'bribes or kickbacks' in furtherance of [the] scheme to defraud, and <u>not</u> actually payments for repayment of a loan, and compensation for Miller's contribution to [a] tequila venture." Motion at 17. Defendant goes on to argue that "[n]o adequate allegations of specific facts exist in the Indictment, from which a nexus between the payments and assignment of [courier] contracts, can be inferred." *Id*. Defendant's argument fails as a matter of law.

In *United States v. Castor*, the district court dismissed the indictment in part because it was not apparent on the face of the indictment that there was a sufficient nexus between the mailings and the alleged scheme. 558F.2d 379, 384 (7th Cir. 1977). The Seventh Circuit reversed the dismissal, explaining its reasoning as follows:

> We believe the district court asked the wrong question in considering this aspect of the indictment. The question is not whether the indictment particularly alleges sufficient facts from which a jury could find that the mailings charged were in furtherance of the scheme, but rather whether the Government conceivably could produce evidence at trial showing that the designated mailings were for the purposes of executing the scheme. The resolution of the question of whether the

> mailings alleged were in furtherance of the scheme must await trial "unless it so convincingly appears on the face of the indictment that as a matter of law there need be no necessity for such delay." The Government need not allege the subordinate evidentiary facts by which it intends to prove the "in furtherance" element of the crime charged, and an indictment setting out the mailings charged and alleging that they were in furtherance of the scheme should not be dismissed as insufficient on its face unless there is no conceivable evidence that the Government could produce at trial to substantiate its "in furtherance" allegation.

*Id.* at 384-85; *accord United States v. Bibbs*, 2016 WL 6804573 (N.D. Ill. November 16, 2016); *United States v. Herman*, 2018 WL 4901168 (C.D. Ill. Oct. 9, 2018); *United States v. Hightower*, 2004 WL 897886 (N.D. Ill. April 23, 2004); *United States v. Segal*, 299 F. Supp. 2d 840 (N.D. Ill. Jan. 12, 2004).

Here, the Court should likewise rebuff defendant's attempt to apply the incorrect legal standard that was rejected in *Castor*. The indictment need not set forth detailed facts establishing precisely how the wires were in furtherance of the scheme. Instead, it will be the government's burden at trial to prove that the six transfers—bribe payments and kickbacks—were in furtherance of the charged scheme.

## IV. The Indictment is Sufficiently Specific

Defendant argues the indictment should be dismissed for lack of specificity.[2] In this argument, defendant lists numerous specific factual allegations that he believes are missing from the indictment. However, defendant points to no case law that establishes that facts of this nature and specificity must be included in an

---

[2] Defendant cites to Federal Rule of Criminal Procedure 12(b)(3)(B)(iv) ("improper joinder"), but he appears to mean Rule 12(b)(3)(B)(iii) ("lack of specificity").

indictment. To the contrary, the only facts that are necessary are those sufficient to put defendant on notice of the specific conduct at issue. *White*, 610 F.3d at 958-59. The presence or absence of any particular fact is not dispositive. *Id*. The notice bar is not a high one, and even an implicit allegation suffices. *Weller*, 40 F.4th at 566.

Here, the factual content of the indictment more than suffices to put defendant on notice of the specific conduct at issue—between November 2018 and June 22, 2020, defendant bribed Miller (a Vice President) in order to obtain at least $13 million in business from Victim Company 1. More specificity than that is not required.

## V. Section 1346 is Not Unconstitutionally Vague

Defendant argues that the honest-services statute is unconstitutionally vague, both on its face and as applied here. This argument is easily defeated, because the very holding of *Skilling* rebuts it precisely. In *Skilling*, the Court concluded that, "[i]nterpreted to encompass only bribery and kickback schemes, § 1346 is not unconstitutionally vague." 561 U.S. at 412. The Court also spoke to defendant's concern of arbitrary prosecution:

> As to arbitrary prosecutions, we perceive no significant risk that the honest-services statute, as we interpret it today, will be stretched out of shape. Its prohibition on bribes and kickbacks draws content not only from the pre-McNally case law, but also from federal statutes proscribing—and defining—similar crimes. A criminal defendant who participated in a bribery or kickback scheme, in short, cannot tenably complain about prosecution under § 1346 on vagueness grounds.

*Id*. at 412-13 (internal citations omitted).

## VI. Conclusion

For the foregoing reasons, the government respectfully requests that defendant Ilija Ristik's motion to dismiss be denied in its entirety.

                                            Respectfully submitted,

                                            JOHN R. LAUSCH, JR.
                                            United States Attorney

By:   /s/ *Andrew C. Erskine*
        ANDREW C. ERSKINE
        Assistant U.S. Attorney
        219 South Dearborn St., Rm. 500
        Chicago, Illinois 60604
        (312) 353-1875

Dated: February 9, 2022