**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **No. 21 CR 323** |
| v. | ) | |
| | ) | |
| **ILIJA RISTIK** | ) | **Hon. Edmond Chang** |
| | ) | |

**DEFENDANT'S RESPONSE TO MOTION TO BAR
PUBLIC AUTHORITY DEFENSE**

Defendant ILIJA RISTIK, by the Federal Defender Program and its attorney AMANDA G. PENABAD, has properly notified the Court and the government that he intends to pursue a defense of public authority to the charges in the indictment. The government has moved to bar such a defense, Dkt. #142, arguing that Mr. Ristik's anticipated evidence will be insufficient as a matter of law and should not even be presented to the jury for consideration. Mr. Ristik submits that the government's own proffered documents, combined with Mr. Ristik's proffer through counsel, offer a sufficient basis for the introduction of evidence of a public authority defense at trial.

**LEGAL AUTHORITY**

A judge may preclude a defendant from presenting an affirmative defense "*only* where the court accepts as true the evidence proffered by the defendant and finds that the evidence proffered by the defendant, even if believed, would be insufficient as a matter of law to support the affirmative defense." *United States v. Baker*, 438 F.3d 749, 753 (7th Cir. 2006) (*citing United States v. Tokash*, 282 F.3d 962, 967 (7th Cir. 2002)) (emphasis added). This preserves the role of the jury as the trier of fact. *See Tokash*, 282 F.3d at 968. The issue is not, at this stage, whether the defendant will win an acquittal based on the defense. *See*

1

*United States v. Anderson*, 55 F.4th 545, 553 (7th Cir. 2022). Instead, the defendant need only produce "some evidence" that supports the elements of the defense. *United States v. Mayfield*, 771 F.3d 417, 420 (7th Cir. 2014). The initial burden is "not great," and "should not be understood as an invitation to the court to weigh the evidence or assess the credibility of witnesses." *Id*. at 440.

The Seventh Circuit's decision in *Mayfield* is instructive. In that case, the defendant, who was charged in connection to cocaine distribution, sought to include a jury instruction on an entrapment defense. *Id*. at 423. The burden of that defense includes a showing that government agents induced the defendant to commit the crime, and that he was not "predisposed" to committing the crime in the first place. *Id*. at 424. The government filed a motion *in limine* to bar the jury instruction, putting forth evidence that the defendant was predisposed to committing the crime. *Id*. at 423. Mayfield filed a response including a handwritten statement of facts as evidence supporting his defense. *Id*. In finding that this proffer entitled him to an entrapment instruction, the Seventh Circuit noted that "[p]rocedurally, entrapment is an issue for the jury." *Id*. at 443. Though the defendant's evidence was merely his own narrative, the Court found it sufficient to meet the initial burden even though it acknowledged "his story may be false or unpersuasive." *Id*. at 420. The Court in *Mayfield* also offered a caution to district courts considering motions *in limine* to bar affirmative defenses (although its caution was in the context of an entrapment defense). The Court explained that although litigating the issue pretrial is

> "permissible… it carries an increased risk that the court will be tempted to balance the defendant's evidence against the government's, invading the province of the jury. In ruling on a pretrial motion to preclude the entrapment defense, the court must accept the defendant's proffered evidence as true and not weigh the government's evidence against it. This important point is sometimes obscured, subtly raising the bar for

2

presenting entrapment evidence at trial."

*Id.* at 440–41 (internal citations omitted). The same rationale applies to the

affirmative defense of public authority.

████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████

## PROCEDURAL AND FACTUAL BACKGROUND

████████████████████████████████████████████████

█████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████ ██ ██████████████████

███████████████████████████████████████████████████

█████████████████████████████████████████████████████

████████████████████████████████

─────────────────────────

████████████████████████████████████████████████████████

█████████████████████████████████████████████





## ARGUMENT

The documents included in the government's own motion, coupled with the defendant's proffer, demonstrate the sufficiency of the evidence to support a public authority defense.

A. *The Government's Arguments Lack Merit.*



██████████████████

██████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████.

█████████████████████████████████████████

█████████████████████████████████████████

██████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████

█████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████.

B. *The Elements of a Public Authority Defense Have Been Met.*

████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████ █████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████

---

█ ███████████████████████████████████████████
████████████████████████████████

███████████████████████████████████

█████████████████████████████████████████████

Mr. Ristik requests that, should the Court consider barring the public authority

defense, that a hearing be held. The government's objection to a hearing is not well taken.

███████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

███████████████████████████████████████████

█████████████████████████████████████████████

████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████

████████ █████████████████████████████████

█████████████████████████████████████████████

████████████████████████████████████████████

█████████████████████████████████████████████

████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████

Respectfully submitted,

FEDERAL DEFENDER PROGRAM
John F. Murphy
Executive Director

By:    /s/ *Amanda G. Penabad*
       Amanda Penabad
       *Attorney for Ilija Risik*

AMANDA PENABAD
FEDERAL DEFENDER PROGRAM
55 E. Monroe Street, Suite 2800
Chicago, Illinois 60603
(312) 621-8340

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **No. 21 CR 323** |
| **v.** | ) | |
| | ) | |
| **ILIJA RISTIK** | ) | **Hon. Edmond Chang** |
| | ) | |

## EXHIBIT LIST

Exhibit A ██████████████████████

Exhibit B       Email from AUSA Erskine

Exhibit C       Defendant's July 26, 2023 Discovery Request

Exhibit D       Government Response to July 26, 2023 Discovery Request

Exhibit E       Defendant's November 22, 2023 Discovery Request

# EXHIBIT A

# SEALED DOCUMENT

# EXHIBIT B

# SEALED DOCUMENT

# EXHIBIT C

SEALED
DOCUMENT

# EXHIBIT D

SEALED
DOCUMENT

EXHIBIT E

SEALED
DOCUMENT