**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 21 Cr 323 |
| | ) | |
| | ) | Hon. Edmond E. Chang |
| Ilija Ristik, | ) | |
| Defendant. | ) | |

**DEFENDANT'S STATUS REPORT AND REQUEST
FOR APPOINTMENT OF INVESTIGATIVE SERVICES
AND SECOND TRIAL COUNSEL**

Defendant Ilia Ristik, through his undersigned appointed attorney, and in response to the Court's March 19, 2024 Order (Dkt. #169), submits this status report and respectfully requests that, under the Criminal Justice Act (18 U.S.C. § 3006A), the Court appoint investigative services and authorize the appointment of second trial counsel.

1. The undersigned was appointed by the Court to represent Defendant on March 19, 2024. At that time, the Court tentatively set a June 17, 2024 trial date ("Trial Date") and asked counsel to file a status report by April 2, 2024 stating whether it is feasible to maintain the Trial Date. (Dkt. 169.)

2. Since the March 19, 2024 hearing, counsel has received from the government, and conducted an initial overview of, the previously produced discovery; received and reviewed additional materials from Defendant's prior counsel, and conferred with them; reviewed relevant docket entries, including but not limited to

the government's proposed Witness and Exhibit Lists (Dkt. ## 156,157); and conferred with Defendant.

3. Based on the above, counsel believes that is feasible to maintain the Trial Date while effectively representing Defendant during the course of these proceedings, provided that additional resources as set forth below are authorized by the Court.

4. As the Court is aware (Dkt. #134), this case involves nearly 100,000 pages of already-produced discovery as well as additional and voluminous native files, including but not limited to years' worth of recently produced text messages. Moreover, based on counsel's initial review, it appears that additional discovery will likely be required. In addition, this case involves complex and/or novel legal issues involving 18 U.S.C. §§ 1343, 1346 and the Public Authority Defense, and it is predicted that the case will take at least two weeks to try.

5. Based on all of the above, and counsel's preliminary review, it is already apparent that the assistance of expert service will be necessary to effectively represent Defendant. Such assistance will be needed for, among other things, locating, interviewing, and subpoenaing potential witnesses; analyzing, summarizing, and/or presenting summaries of the previously produced and voluminous discovery; and identifying, subpoenaing, summarizing, and/or presenting summaries of additional documents relevant to the defense.

6. For these reasons, and pursuant to 18 U.S.C. § 3006A, counsel respectfully requests that the Court appoint John D. Rea under the Criminal Justice Act to provide the necessary investigative services. Mr. Rea has been appointed under

the Criminal Justice Act to provide investigative services in numerous other cases before this Court. A copy of Mr. Rea's resume is attached as Exhibit A to this Status Report. Mr. Rea's hourly rate is $110.00 per hour plus expenses. He has been appointed at and paid at this rate in numerous other cases before this Court.

7. Due to the complexity of the factual and legal issues involved in this case, the scope of discovery, and the estimated length of trial, counsel also respectfully requests under § 3006A that the Court appoint second trial counsel to assist the undersigned in representing Defendant in this matter.

WHEREFORE, counsel hereby reports that it is feasible to maintain the Trial Date and requests that the Court appoint an investigator and second trial counsel to provide for the effective representation of Defendant.

s/ *Douglas E. Whitney*

Douglas E. Whitney
Douglas Whitney Law Offices LLC
161 N. Clark Street, Suite 1700
Chicago, IL 60601
312-279-0510
doug.whitney@dwlollc.com

Attorney for Defendant