UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ILIJA RISTIK | No. 21 CR 323<br><br>Hon. Edmond E. Chang |

**JOINT PRETRIAL STATEMENT**

The United States of America, by MORRIS PASQUAL, Acting United States Attorney for the Northern District of Illinois, and ILIJA RISTIK, by his attorneys Douglas E. Whitney and Joshua G. Herman, hereby submit a joint pretrial statement:

**A. Case Statement**

The parties agree on the following language: "Defendant Ilija Ristik has been charged with committing honest-services wire fraud. He has pled not guilty to these charges."

Defendant proposes the following additional language, to which the government objects: "and is presumed innocent under the law. During trial, the prosecution must prove the charges beyond a reasonable doubt."

**B. Trial Length/Number of Jurors**

Opening, government's case-in-chief, and closings: 5 trial days
Defense case: 5 days
Government's rebuttal case: 1 day

Opening statements: 20 minutes per side
Closings: 90 minutes total per side

Alternate jurors: 2

## C. Voir Dire

<u>Agreed</u>

1. Have you ever worked in the trucking industry, or do you have any special knowledge or familiarity with the trucking industry?

2. Have you or any family member or a close friend ever worked or applied to work for any law enforcement agency or prosecutor's office?

3. In certain contexts, the government can authorize private individuals cooperating with their investigations to commit crimes. Do you have any problems accepting this notion?

4. A defendant who is accused of a crime is not required to prove his innocence or produce any evidence at all. The defendant may testify in his own defense, but he is not required to do so, and if he does not testify, you may not draw any inference or suggestion of guilt from that fact. Do you have any problem whatsoever accepting and following this principle?

5. The defendant is presumed to be innocent of the charges against him. That means he must be found not guilty unless the government proves his guilt beyond a reasonable doubt. Do you have any problem whatsoever accepting and following this principle?

6. If a majority of your fellow jurors wanted to vote to convict, but you still had a reasonable doubt about the government's case, would any of you be inclined to change your verdict simply because you were the minority, or were the only one who had a reasonable doubt?

7. Have you, a member of your family, or close friend ever been arrested or charged for any criminal offense other than a traffic offense? If yes, please indicate: (a) the individual's relationship to you (or if it is you, pleas state that it is you); (b) the nature of the offense for which the person was arrested or charged; and (c) the disposition of the charge (i.e., dismissal, imprisonment, probation, fine, etc.). If you have answered yes to this question, did this experience leave you with a negative, positive, or neutral impression of judges, the judicial system, prosecutors, defense attorneys, or law enforcement officers that would prevent you from being a fair and impartial juror in this case?

8. Have you had any experience, either favorable or unfavorable, with any federal, state, or local law enforcement agency that would prevent you from being a fair and impartial juror in this case?

9. Do any of you have feelings about the federal government that may affect your ability to be a fair and impartial juror in this case?

10. Generally speaking, have any of your past experiences left you with a positive or negative view of the judicial system, prosecutors, or criminal defense attorneys?

11. This case involves the Federal Bureau of Investigation. Do you have any feelings regarding the FBI or its agents or employees that might make it difficult for you to fairly and impartially evaluate the evidence and render a fair verdict in this case?

12. Would you have any difficulty considering testimony given by law enforcement officers the same way you would consider testimony given by any other witnesses?

13. Have you ever served on a jury before? If yes, please describe the nature of the case, and whether the jury deliberated or reached a verdict, without stating what that verdict was.

14. Do you hold any religious, philosophical, moral, or other beliefs that would make it difficult for you to judge the conduct of another person?

15. At various times during the case, the Court will instruct you about the applicable law. It is your obligation to follow the Court's instructions about the law, whether you agree with the law or not. If you were to find that you disagreed with the law as given to you by this Court, would you nonetheless be able to follow that law and reach a verdict by applying that law to the evidence?

16. If after receiving all of the evidence in this case, you believe the government has not met its burden, will you sign a not guilty verdict? Likewise, if you believe the government has met its burden, would you sign a guilty verdict?

**D. Stipulations**

The parties intend to stipulate to the following facts:[1]

1. The $3,258.25 check deposited with J.P. Morgan Chase on or about November 8, 2018, as alleged in Count One of the Indictment, caused an

---

[1] The parties continue to work toward additional foundational stipulations for documentary exhibits.

    interstate wire communication resulting in the processing of that check and those funds.

2. The $5,000 check deposited with J.P. Morgan Chase on or about December 10, 2018, as alleged in Count Two of the Indictment, caused an interstate wire communication resulting in the processing of that check and those funds.

3. The $5,000 check deposited with J.P. Morgan Chase on or about April 15, 2019, as alleged in Count Three of the Indictment, caused an interstate wire communication resulting in the processing of that check and those funds.

4. The $2,500 check deposited with J.P. Morgan Chase on or about October 2, 2019, as alleged in Count Four of the Indictment, caused an interstate wire communication resulting in the processing of that check and those funds.

5. The $2,500 wire transmission initiated on or about October 23, 2019, as alleged in Count Five of the Indictment, caused an interstate wire communication resulting in the transfer of those funds.

6. The $2,500 wire transmission initiated on or about October 28, 2019, as alleged in Count Six of the Indictment, caused an interstate wire communication resulting in the transfer of those funds.

    Respectfully submitted,

    MORRIS PASQUAL
    Acting United States Attorney

By:    /s/ *Andrew C. Erskine*
    ANDREW C. ERSKINE
    Assistant U.S. Attorney
    219 South Dearborn St., Rm. 500
    Chicago, Illinois 60604
    (312) 353-1875

Dated: May 15, 2024